PETER KRAMER *v.* LAWRENCE DELPONTE, COMMISSIONER OF MOTOR VEHICLES (9557)

DUPONT, C. J., FOTI and LANDAU, Js.

Argued September 24—decision released November 5, 1991

*Priscilla J. Green,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellant (defendant).

*Santo M. Matarazzo,* for the appellee (plaintiff).

PER CURIAM. On July 21, 1988, the plaintiff was arrested for operating a motor vehicle under the influence of intoxicating liquor in violation of General Statutes § 14-227a. After being transported to the police station, the plaintiff refused to take a urine test but instead offered to submit to a blood test. He was deemed to have refused to take the urine test and was notified by the defendant that his license would be suspended for six months in accordance with § 14-227b.

The plaintiff appealed that decision and a hearing officer upheld the suspension, finding pursuant to the limited determination of issues as set forth in § 14-227b (f) that: "The police officer had probable cause to arrest the operator for violation of Connecticut General Statutes, Section 14-227a. The operator was placed under arrest. The operator refused to submit to such test or analysis. Said person was operating the motor vehicle."

On appeal to the Superior Court from the ruling of the hearing officer, the court found that the police did not afford the plaintiff an opportunity to contact an attorney prior to the request to take the test, and sustained the appeal. The court did not reach the issue of whether the plaintiff's offer to take an alternative test was a refusal to take the urine test. The defendant appeals from the court's judgment.

The parties agree, as do we, that the trial court's ruling sustaining the plaintiff's appeal is improper because it went beyond the four limited suspension criteria set forth in General Statutes § 14-227b (f). On remand, the trial court shall determine whether the third finding of the hearing officer, that the plaintiff refused to submit to the test, was reasonably supported by the evidence.

The judgment is reversed and the matter is remanded to the trial court for a determination of the plaintiff's appeal.