[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, Maureen Sheehy, appeals the decision of the Department of Motor Vehicles (Department) which suspended her motor vehicle operator's license for ninety days pursuant to General Statutes 14-227b. The appeal is brought pursuant to General Statutes 4-183. The court finds the issues in favor of the defendant Department. CT Page 6149
In her brief, the plaintiff advances three bases for her appeal. The court addresses each one separately.
The first basis of the plaintiff's appeal is her contention that the procedure followed at the administrative hearing on her license suspension violated her right to due process of law under the United States and Connecticut constitutions. Specifically, she claims that it was improper for the hearing officer to act in a "dual capacity" as adjudicator and advocate in determining the admissibility and weight of evidence, in particular the arresting police officer's A44 report and attachments. This court has previously decided that this argument cannot be sustained. Coman v. Department of Motor Vehicles, No. CV 92 070 2813 (Superior Court, Hartford J.D., April 10, 1992).
The plaintiff next claims that she was denied the opportunity to call an attorney prior to deciding whether to submit to a chemical test to determine the alcohol content of her blood. Our Appellate Court has decided, however, that such a denial does not preclude suspension of the individual's license under General Statutes 14-227b. Kramer v. DelPonte,26 Conn. App. 101 (1991).
The plaintiff's final claim is that the police did not have the requisite reasonable and articulable suspicion of wrongdoing to stop the plaintiff prior to determining whether probable cause existed to arrest her for drunk driving. The court has carefully examined the whole record in this case, including especially the very detailed report of the arresting officer. On the basis of that review, the court concludes that there is substantial, indeed overwhelming, evidence to support the hearing officer's decision. There is no merit to the plaintiff's argument with respect to the legality of the stop or the officer's subsequent action in arresting the plaintiff.
The appeal is dismissed.
Maloney, J.