[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the defendant commissioner of motor vehicles ordering suspension of the plaintiff's motor vehicle operator's license. The basis of the commissioner's decision was the plaintiff's refusal to consent to a chemical blood alcohol (BAC) test after her arrest for operating under the influence of alcohol, as provided in C.G.S. 14-227b. The court finds the issues in favor of the defendant commissioner.
The sole basis of the plaintiffs appeal in this case is her contention that she in fact consented to be tested and that the hearing officer's finding to the contrary was erroneous.
At the administrative hearing, the police officer who arrested the plaintiff testified, as did the plaintiff's friend, whom she refers to as her father. The plaintiff did not testify. Other evidence consisted of the police officer's reports of the incident. Viewing this evidence in a light most favorable to the plaintiff shows that she consented to the BAC test but only on condition that her friend be present during the test. She was allowed to call her friend, and he came to the police station about one-half hour later. During that period, the plaintiff refused to be tested because she wanted to wait for her friend. The police, however, were unwilling to wait longer than five or ten minutes after they requested the test, and when the plaintiff delayed her consent, police considered that to be her refusal. This sequence of events was corroborated by the CT Page 1384 plaintiff's friend's testimony that he told the plaintiff on the telephone to wait until he came to the police station.
The court has carefully reviewed the whole record in this case, in particular the transcript of the administrative hearing. Nowhere is there any evidence or even an allegation that the plaintiff ever unconditionally consented to the BAC test. Indeed, in making his final argument to the hearing officer, the plaintiff's attorney claims only that the plaintiff's delay in consenting was "a reasonable period of time to wait." He argued then that the video tape would show "that Ms. Clark said I'll take the test, I just want to wait for my father, which is the way Ms. Clark refers to Mr. Atwood. I think that's a crucial piece of evidence."
Based on the evidence in the record, as summarized above, the hearing officer could reasonably have found that the plaintiff refused to consent to the BAC test unless and until her friend/father could be present and that the friend/father did not arrive until at least one half-hour after the request. Since there is nothing in the applicable statutes, General Statutes 14-227b, which permits an accused to impose conditions on her consent to the BAC test, the hearing officer was justified in concluding that the plaintiff had refused to consent. See Kramer v. DelPonte, 26 Conn. App. 101
(1992); Piorek v. DelPonte, 28 Conn. App. 911 (1992).
The plaintiff attacks the hearing officer's decision on due process grounds. The plaintiff had subpoenaed a video tape of the events at the police station. At the hearing, however, the police officer testified that the tape was lost. The plaintiff, through her attorney, now claims that the tape would show that the plaintiff consented to the test even before her friend arrived at the station. She argues that she has been denied due process of law because the hearing officer proceeded without the tape and made his decision without considering the "exculpatory" evidence which the tape would have revealed.
The plaintiff's due process argument cannot be sustained. There is nothing in the record to support her claim that the video tape would show her unconditional consent to the test in response to the police officer's request. All of the evidence in the record, including her own attorney's final argument to the hearing officer, CT Page 1385 indicates that the video tape would show, at best, that the plaintiff consented only after her friend arrived, when the police had already determined that she had refused the test. As indicated above, however, such evidence would not have affected the hearing officer's conclusion that the plaintiff had refused to consent to the test, as the applicable statute is properly interpreted. The video tape evidence would not have been material to the critical issue of consent, and its omission did not, therefore, prejudice substantial rights of the plaintiff so as to require reversal of the hearing officer's decision. General Statutes 4-183(j).
For all of the foregoing reasons, the court concludes that the hearing officer's finding of nonconsent by the plaintiff was supported by substantial evidence in the record and was not affected by any other error. The decision must, therefore, be affirmed.
The plaintiff's appeal is dismissed.
Maloney, J.