[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff John Magrassi appeals the decision of the Department of Motor Vehicles (Department) which suspended his motor vehicle operator's license for ninety days pursuant to General Statutes 14-227b. The appeal is brought pursuant to General Statutes 4-183. The court finds the issues in favor of the defendant Department.
In his brief, the plaintiff advances two bases for his appeal. The court addresses each one separately.
One basis of the plaintiff's appeal is that the arresting police officer allegedly did not afford the plaintiff an opportunity to call his attorney prior to administering the chemical blood alcohol test. This argument is without merit. Even if the hearing officer had believed the plaintiff's testimony on the subject, the failure of the police to allow the plaintiff to call his attorney prior to administering the test is not grounds for invalidating the test or reversing the Commissioner's decision. Kramer v. DelPonte, 26 Conn. App. 101 (1991).
The second basis of the plaintiff's appeal is his contention that the police did not have the requisite articulable and reasonable suspicion of wrongdoing to stop the plaintiff prior to determining whether probable cause existed CT Page 2309 to arrest him for drunk driving, citing State v. Lamme,216 Conn. 172 (1990); Field v. Goldberg, CV 91 70 20 04 (Superior Court, Hartford-New Britain J.D. at Hartford, December 19, 1991, Maloney, J.).
The report of the police officer who arrested the plaintiff was properly admitted in evidence. In that report, the police officer states that he had been dispatched to the East Windsor Restaurant to investigate a larceny in progress. Upon arrival, the manager identified the plaintiff, who was then operating his vehicle in the parking lot, as the individual who had eaten at the restaurant and at first refused to pay the bill. When the manager confronted him, the plaintiff "became disruptive by yelling and screaming profanities at her. (The manager) said that this male then paid his check and left the restaurant." Other patrons were present during this scene. The police officer then stopped the plaintiff's vehicle.
The plaintiff testified at the hearing and denied that that incident had occurred on the night he was arrested in this case.
Standing alone, the police officer's report contains sufficient facts to establish a legal basis for stopping the plaintiff for further investigation. The totality of the circumstances indicated therein created at the least a reasonable suspicion that the plaintiff had committed the crime of breach of the peace in violation of General Statutes53a-181 and/or disorderly conduct in violation of General Statutes 53a-182. Although the plaintiff's testimony conflicted with the police report, "a court must defer to the agency's assessment of the credibility of the witnesses and to the agency's right to believe or disbelieve the evidence presented. . . ." Connecticut Building Wrecking Co. v. Carothers, 218 Conn. 580, 593 (1991). This court may not try the case de novo, adjudicate facts, or substitute its own discretion for that of the agency. Miko v. CHRO, 220 Conn. 192,201 (1991).
For all of the above reasons, the plaintiff's appeal may not be sustained. It is, therefore, dismissed.
Maloney, J. CT Page 2310