[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR STAY PENDING APPEAL
This motion arises out of the following facts:
On December 26, 1992, the plaintiff was arrested for driving while intoxicated. He was transported to the police station where he was given the opportunity to take one or more chemical alcohol tests. The plaintiff and the police officer who sought to administer these tests differ in their views of whether there was a voluntary refusal to take the test(s).
The police officer construed plaintiff's actions at the station as a voluntary refusal and pursuant to Conn. Gen. Stat.14-227b the defendant issued a notice of intention to suspend plaintiff's driver's license.
The plaintiff requested a hearing, which was held before a DMV hearing officer on January 29, 1993. The hearing officer ordered the plaintiff's license suspended for six months. The plaintiff petitioned for reconsideration, which was denied. This appeal ensued. CT Page 2842
The plaintiff has moved for a stay of the order suspending his driving privileges. He points to the issue raised in his appeal that he did not withhold consent to take a chemical test. In fact, he consented to the breath test, but the intoximeter was not working properly. The plaintiff stated he did not refuse to take a urine test, but rather that he could not urinate at that time. He cites Dorman v. DelPonte, 41 Conn. Sup. 437 (1990), in support of his position that a physical inability to perform a chemical test is not a refusal within the meaning of the statute.
The defendant opposes the stay and contends that the standard for such a stay should be that articulated in Griffin Hospital v. Commission on Hospitals and Health Care, 196 Conn. 451 (1985): a balancing of equities including: 1) the likelihood that the plaintiff will prevail on appeal; 2) the irreparability of the prospective harm to the plaintiff; 3) the effect upon other parties in implementing the suspension order; and 4) the public interest. The defendant focuses on the first criterion, arguing that there is virtually no likelihood that the plaintiff will prevail, citing several unreported decisions in administrative appeals (copies of which he has properly furnished to the court and opposing counsel) and also citing Kramer v. DelPonte, 26 Conn. App. 101,598 A.2d 670 (1991) which addresses a tangential issue.
The plaintiff has raised an issue similar to that in Dorman so that he has some chance of success on the merits. Should the appeal be sustained, the plaintiff will have suffered irreparable harm because of his license suspension, while the defendant will suffer little or no harm in deferring the suspension for several months until the appeal is resolved. While it is certainly in the interest of other "parties" and the public that impaired drivers be removed from the roads, this will occur in due course if the plaintiff's appeal is unsuccessful. The balance of equities favors the plaintiff at this stage and the Motion for Stay Pending Appeal is granted.
/s/ Patty Jenkins Pittman, J. PATTY JENKINS PITTMAN CT Page 2843