[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Catherine Borsella appeals the decision of the defendant commissioner of motor vehicles suspending her motor vehicle operator's license. The commissioner acted on the basis of the decision of the department's hearing officer in which he found that the plaintiff had refused to submit to a chemical test of the alcohol content of her blood following her arrest on a charge of driving under the influence of alcohol. The plaintiff's appeal is authorized by General Statutes § 4-183.
The plaintiff raises three issues as the bases of her appeal: (1) that the hearing officer erred in admitting the A 44 police report as evidence at the administrative hearing; (2) that the plaintiff was not offered a reasonable opportunity to telephone an CT Page 6450 attorney; and (3) that under the circumstances of this case, the plaintiff did not refuse to submit to testing.
The plaintiff contends that the A 44 report form should not have been admitted because the police officer did not check the block indicating which test or tests he selected for the plaintiff. The hearing officer overruled the plaintiff's objection, ruling that her argument related to the weight to be afforded the evidence rather than its admissibility. The court concludes that the plaintiff's argument may not be sustained. General Statutes § 4-178 provides that "(a)ny oral or documentary evidence may be received" at the administrative hearing of a contested case, and our courts have held that this includes even hearsay evidence so long as it is reliable and probative. Cassella v. Civil Service Commission,4 Conn. App. 359, 362 (1985); aff'd 202 Conn. 28, 33
(1987). Although there are exceptions to this rule, the plaintiff has not advanced any reason it should not be followed with respect to the police report in this case. Indeed, the plaintiff concedes in her brief that there is no appellate authority in support of her position.
The plaintiff's arguments concerning the opportunity to contact an attorney have been conclusively dismissed by our Appellate Court in Kramer v. DelPonte, 26 Conn. App. 101
(1991), and in Piorek v. DelPonte, 28 Conn. App. 911
(1992).
The plaintiff's final argument concerns the circumstances under which she failed to submit to testing. The police report was written by the officer of the North Branford police department who arrested her. It merely indicates that the plaintiff refused to be tested, and the refusal is endorsed by a second officer in accordance with the statute. The report does not indicate which kind of test the arresting officer selected.
At the administrative hearing, the plaintiff testified that the police selected the breath test. She testified that she was willing to take that test but the machine in the North Branford police station was broken and the police proposed to transport her to the North Haven police station, where they had arranged to use a CT Page 6451 machine. The plaintiff testified that she objected to being transported.
Although the plaintiff testified that she was "upset" about being transported to another police station, she did not relate any facts or circumstances that would indicate any potential danger to herself or even any physical discomfort. Specifically, she did not testify to any threatening behavior on the part of the police officers. In response to her attorney's question whether she had any "concerns or apprehensions" about being transported in handcuffs by male police officers, the plaintiff merely stated, "Well, I mean, I didn't want to be handcuffed. Put me away. They already put me in (a) facility. I didn't want to go to another."
The police advised the plaintiff that if she was not willing to go to the other police station for testing, they would consider this to be a refusal to be tested. She held to her position, and the police marked the A 44 form as a refusal.
At the time of these events, the plaintiff was lawfully in the custody of the police and subject to release on such terms as provided by law. Practice Book §§ 1005 and 656. Since she had been arrested on a charge of driving while intoxicated, she was obligated to submit to a chemical test and the police had the option of choosing to administer either a breath or urine test. The plaintiff did not have the option of refusing either of such tests, nor did the plaintiff have the option of choosing the kind of test she would take. General Statutes § 14-227b(b).
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(f) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion."Conn. Light Power Co. v. Dept. of Public UtilityCT Page 6452Control, 219 Conn. 51, 57-58 (1991).
Applying the general principles of law to the facts of this case, including specifically the facts and circumstances testified to by the plaintiff herself, the court cannot conclude that the department hearing officer acted arbitrarily or unreasonably in finding that the plaintiff effectively refused to be tested. When she declined to be transported to another police station where the breath test could be administered, the plaintiff knew that her decision would be taken as a refusal to be tested. Nevertheless, she did decline and she did so without any reason, expressed or implied, except that she "didn't want to go." The court has combed the entire record in this case, including especially the plaintiff's testimony at the hearing, and can find no evidence that the police acted unreasonably in proposing to take the plaintiff to another police station. Under these circumstances, the hearing officer was entitled to make the findings of fact and conclusions of law that he did.
The appeal is dismissed.
MALONEY, J.