[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 19, 1995
Plaintiff Eric Plourde appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff failed a chemical test of the alcohol content of his blood. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant commissioner.
The relevant facts are not in dispute. On October 2, 1993, the Plainville police observed the plaintiff operating his vehicle, stopped him and, after investigation, arrested him on the charge of operating a motor vehicle while under the influence of liquor. The police took him to the Plainville police station, where, according to their report, they informed him of the implied consent laws and procedures.
The police report was admitted in evidence at the motor vehicle department administrative hearing, over the objection of the plaintiff. The report is on the A 44 form approved by the motor vehicle department prior to July 1, 1993. According to the report, the police advised the plaintiff that if he submitted to a chemical test and the results indicated that "at the time of the alleged offense the ratio of alcohol in your blood was 0.1% or more," his license would be suspended.
The plaintiff submitted to two breathe tests, indicating ratios of .184 and .163 at the time of the tests. Both tests were administered within two hours after the police stopped the plaintiff while he was operating his vehicle.
There was no other evidence introduced at the administrative hearing. Subsequent to the hearing, the department mailed to the plaintiff its final decision containing the finding that "[t]he operator submitted to the test or analysis and the results indicated a BAC of .10% or more." The decision indicated that it was CT Page 469-O rendered by the commissioner "By: Atty William Grady Hearing Officer." It was not signed in handwriting.
The plaintiff advances two arguments as the bases of his appeal: (1) that the police improperly advised the plaintiff concerning the effect and use of breath test results under the law in effect at the time of his arrest; and (2) that the commissioner's final decision was not signed in handwriting by the department's hearing officer.
Subsection (h) of General Statutes § 14-227b provides that the commissioner must suspend the license of a person if the "results of such test or analysis indicated that at the time of the alleged offense the ratio of alcohol in the blood of such person was ten-hundredths of one per cent or more of alcohol, by weight." As a practical matter in every case, the test is administered by the police after "the time of the alleged offense" — that is, after the time when the person was operating the vehicle. A significant factual issue may arise, therefore, as to the use of the test results to determine whether the person's alcohol level exceeded the legal limit at the earlier time when he or she was operating the vehicle.
In the past, the commissioner and her hearing officers were subject to the rule adopted by our Appellate Court in Marshall v. DelPonte, 27 Conn. App. 346
(1992). That decision held that there must be substantial evidence in the record to support a hearing officer's finding that the results of a chemical test, performed subsequent to the individual's arrest, may be extrapolated back to the time of his or her operation of the vehicle.
In 1993, the legislature enacted Public Act 93-371, which effectively eliminated the evidentiary requirement imposed in Marshall v. DelPonte, supra. The Act amended subsection (f) of General Statutes § 14-227b, effective July 1, 1993. That is the statute governing the issues to be determined by the motor vehicle department at license suspension hearings. As applicable to this case, the statute now requires, in pertinent part, that the hearing officer determine as CT Page 469-P follows:
 (3) . . . did such person submit to such test or analysis, commenced within two hours of the time of operation, and the results of such test or analysis indicated that the ratio of alcohol in the blood of such person was ten-hundredths of one per cent or more of alcohol by weight . . . In the hearing, the results of such test or analysis shall be sufficient to indicate the ratio of alcohol in the blood of such Person at the time of operation . . . (Emphasis added.)
In the present case, the police administered the test within two hours after the plaintiff was stopped in his vehicle, and the results showed an alcohol level in his blood above the legal limit. The hearing officer thus had sufficient evidence under § 14-227b(f)(3), as amended, to find that the level was excessive at the time of the alleged offense. Such finding, in turn, supported the decision to suspend the plaintiff's license under subsection (h).
The plaintiff argues that the procedure was unfair because the police did not comply sufficiently with subsection (b) of § 14-227b. That subsection, which was also amended by Public Act 93-371, required the police to inform the plaintiff that his license would be suspended if "he submits to such test and the results of such test indicate that the ratio of alcohol was ten-hundredths of one per cent or more of alcohol, by weight."
In this case, however, the police used an old form of advice that included the words "at the time of the alleged offense." The distinction is important, the plaintiff argues, because the old wording would mislead a person to believe that he could be intoxicated at the time of the test without adverse consequences, so long as there was no further proof that he was intoxicated when he was operating the vehicle.
The plaintiff's argument may not be sustained. Our courts have consistently held that miscues by the police in the procedures required by § 14-227b(b) do CT Page 469-Q not constitute a basis for reversing an administrative license suspension decision. Volck v. Muzio, 204 Conn. 507,521 (1987) (failure to warn of consequences of refusal to be tested); Buckley v. Muzio, 200 Conn. 1, 7
(1986) (same); Kramer v. DelPonte, 26 Conn. App. 101
(1991) (failure to allow accused to telephone attorney).
The rationale of those cases is that the administrative proceedings have a limited agenda, which is set forth in subsection (f) of § 14-227b. It is to determine (1) did the police have probable cause to arrest the plaintiff; (2) did the police arrest the plaintiff; (3) did the results of the chemical analysis or tests indicate that the ratio of alcohol in the plaintiffs blood was ten-hundredths of one percent or more of alcohol, by weight; and (4) was the plaintiff operating the motor vehicle. Other issues may have significance in other forums, but the license suspension proceeding and any judicial review of that proceeding are necessarily circumscribed. The failure of the police correctly to explain the use and effect of the breath test results in this case, therefore, is not a basis for reversing the administrative decision to suspend the plaintiff's license.
The second basis of the plaintiff's appeal is that the copies of the hearing officer's decision that he received and that is in the record do not bear the handwritten signature of the hearing officer. There is no evidence, nor even any indication, however, that the decision, which is in writing, is not in fact the decision of the hearing officer who heard the case. Under General Statutes § 4-183 (j), a procedural irregularity does not provide a basis for reversing an administrative decision unless "substantial rights of the person appealing have been prejudiced." The plaintiff in this case has not demonstrated any such prejudice resulting from the lack of a signed copy of the hearing officer's decision.
The appeal is dismissed.