[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Gary E. Bennett appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of his blood after being arrested for driving while under the influence of alcohol in violation of § 14-227a. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the CT Page 2763 defendant commissioner.
On appeal, the plaintiff advances three arguments: (1) that the hearing officer improperly admitted the narrative report of the police officer who arrested the plaintiff as a supplement to the A 44 report form; (2) that there was insufficient evidence to support the hearing officer's finding that the plaintiff had refused to submit to a test of the alcohol content of his blood; and (3) that the hearing officer's finding that the plaintiff refused the test was improper because the evidence showed that the police did not permit the plaintiff to call his doctor before submitting to the test.
This court has repeatedly and consistently held that a narrative report, signed by the same police officer who completed the A 44 report is admissible as a supplement to the A 44 form. The subject does not merit further discussion in this case.
The plaintiff's contention that the evidence was insufficient to support the finding that he refused the test is based on his testimony at the administrative hearing. He testified that he did not refuse outright to be tested; rather, he claimed that he was willing to be tested and so informed the police officer, merely requesting but not demanding that he first be allowed to call his doctor. By contrast, the police reports, which were admitted in evidence, indicate that the plaintiff refused to be tested because he was not allowed first to call his doctor.
The plaintiff's argument on the refusal issue is intertwined with his contentions concerning his alleged right to consult with his doctor prior to deciding whether to be tested. To the extent that the issue is one of fact, however, it must be resolved in favor of the commissioner. A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(j) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." This means that if the administrative record provides substantial evidence upon CT Page 2764 which the hearing officer could reasonably have based his finding, the decision must be upheld. Conn. BuildingWrecking Co. v. Carothers, 218 Conn. 580, 601 (1991).
In the present case, the police reports provide substantial evidence that the plaintiff refused to take the test after being denied the opportunity to call his doctor.
The novel issue posed in this case is whether the commissioner may suspend the license of an individual who, after being arrested on a charge of driving while under the influence of alcohol, is denied the opportunity to call his doctor and refuses to be tested for that reason.
At the administrative hearing, the plaintiff presented evidence that he suffers from cardiac arrhythmia that is aggravated by stress. He testified, and the police report confirms, that he complained to the police officer of the onset of symptoms shortly after his arrest, while the officer was transporting him to headquarters. The police took him to the Hartford Hospital emergency room, where he was examined and released. He asked the emergency room staff to contact his cardiologist, but this was not done. The police then took him to headquarters, where they requested him to submit to a breath test. It was at this point that the plaintiff refused to submit to the test unless he first contacted his cardiologist. The police deemed the plaintiff's actions to constitute a refusal, and this provided the basis for the hearing officer's final decision.
Subsection (a) of § 14-227b provides that every person who operates a motor vehicle in this state shall be deemed to have given his or her consent to a chemical test to determine the alcohol content of the blood. Subsection (h) provides that the commissioner shall suspend the license of anyone who, after being lawfully arrested for driving under the influence of alcohol, refuses to be tested.
The plaintiff's argument in this case is based on subsection (j) of § 14-227b. That subsection reads in its entirety as follows: CT Page 2765
 The provisions of this section shall not apply to any person whose physical condition is such that, according to competent medical advice, such test would be inadvisable.
The statute does not support the plaintiff's position. First, there is nothing anywhere in § 14-227b
that expressly requires the police to provide an individual the opportunity to speak to his own doctor before being subjected to a breath test. Furthermore, even if the medical exemption in subsection (j) could be read to create such an obligation by implication, the failure of the police to comply would not expand the narrow scope of the administrative proceeding, which is limited to the four issues specified in subsection (f). That is, the commissioner could find a refusal and suspend the license even if the police had not allowed the person first to call the doctor. See Kramer v.DelPonte, 26 Conn. App. 101 (1991).
The more important reason why subsection (j) does not afford the plaintiff any support in this case is that there is no evidence in the record that his condition qualifies for the exemption. The record, including his testimony, reveals that the police took him to the hospital twice during the night of his arrest. The record also contains written statements of two of his doctors, including his cardiologist. None of these medical specialists, however, state in this record that the breath test that he refused would have been medically "inadvisable." The plaintiff has, in short, presented no evidence that he should have been excused from the obligation to take the test in accordance with subsection (j).
In summary, subsection (j) of General Statutes § 14-227b
creates an exemption from the obligation to be tested for those whose condition makes it medically inadvisable. If the person refuses to be tested and then shows by competent evidence that it would have been medically inadvisable for him to have submitted to the test, the commissioner may not suspend his license. That did not happen here. The plaintiff refused to be tested, but he never offered any evidence that his physical CT Page 2766 condition should have excused him from the obligation.
The appeal is dismissed.