[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Defendant Commissioner of the State of Connecticut Department of Motor Vehicles (DMV) by decision dated June 24, 1997, suspended Plaintiff's motor vehicle operator's license for a period of six months. Plaintiff is aggrieved by such decision and brings this appeal pursuant to General Statutes § 4-183.
The Plaintiff was observed by a Connecticut State Trooper operating a motor vehicle on Interstate 84 in Tolland, Connecticut. Plaintiff crossed the center line and was pulled over by the Trooper because of such erratic operation. Plaintiff emitted a strong odor of alcohol; and admitted drinking "a couple of pints of beer." Plaintiff failed three roadside field sobriety tests and was arrested for operating a motor vehicle under the influence of alcohol in violation of § 14-227a.
The accused was advised of his "Miranda" rights. SeeMiranda v. Arizona, 384 U.S. 436, 477 (1966); and given the implied consent law advisory.
Plaintiff was allowed to make three telephone calls to consult with an attorney, Plaintiff was unable to speak with or consult a attorney. Plaintiff essentially took the position that "without legal representation he could not take the test nor refuse the test."
In his appeal Plaintiff claims that there is not substantial evidence that he refused to take the test. In addition, he argues "when an officer gives a person his "Miranda" warnings, then asks him to take a breath test, and the person responds by asking to exercise his just-stated right to counsel, he cannot be considered to refuse to submit to a breath test under Connecticut General Statutes § 14-227b."
Our Supreme and Appellate Courts have specifically CT Page 9926 reviewed and approved of the limitation of the suspension hearing to the four issues[1] and held that the police have no obligation to specifically explain that "Miranda" rights are not applicable to a refusal to submit to chemical blood alcohol testing for administrative licensing purposes.Buckley v. Muzio, 200 Conn. 1, 8 (1986). "[Section] 14-227b
does not provide a judicial or administrative remedy for the failure of an arresting officer to inform the motorist of the consequences of a refusal to submit to chemical testing." Volck v. Muzio, 204 Conn. 507, 519 (1987). "We conclude, as did the trial court, that a failure to warn the Plaintiff of the consequences of his refusal of testing would not constitute a ground for setting aside the order of suspension." Id., 521. "[I]n a license suspension appeal it is not necessary to determine whether a driver has been adequately warned of the consequences of his refusal to submit to the prescribed tests." Weber v. Muzio,204 Conn. 521, 523 (1987).
In the instant case Plaintiff was advised of the consequences of a refusal to take the test; though it would not have mattered for purposes of this appeal if he had not received the advisement.
Plaintiff seeks to distinguish his case on the basis of his assertion of his Miranda rights. However, they are not applicable to the administrative suspension proceeding. SeeBuckley v. Muzio, supra, 200 Conn. 8. This case is not distinguishable in any substantive way from Poluhowich v.DelPonte, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 46988 (September 22, 1988, Dranginis, J.), affirmed, 18 Conn. App. 823 (1989) (per curiam). The claim is essentially the same, that is that confusion over the scope of Miranda rights somehow obviates a refusal.
The refusal is amply supported by the record.
Plaintiff would not submit to a test until he had consulted with his attorney. This claim is not one which is reviewable in a § 14-227b suspension hearing. Kramer v.DelPonte, 26 Conn. App. 101, 102 (1991), Piorek v. Delponte,28 Conn. App. 911, 912 (1992). More importantly this right does not exist, see Gaskins v. State Dept. of MotorVehicles, Superior Court, judicial district New London at New London, Docket No. 525664 (September 24, 1993, Purtill, CT Page 9927 J.) and Buckley v. Muzio, supra, 200 Conn. 8. Also, see § 14-227b which provides only "a reasonable opportunity to telephone an attorney."
In State v. Corbell, 41 Conn. App. 7, 18-19 (1996), interpreting "refusing" under § 14-227b the Appellate Court held that "refusing" to take a breath test may be accomplished by a failure to cooperate as well as by an expressed refusal."
At best, Plaintiff's attitude could be described as a failure to cooperate based on a mistaken belief as to his rights. In Poluhowich, supra, Docket No. 46988, p. 7, it was noted that in analyzing a claim of confusion it is not the subjective state of mind of the operator, but the fair meaning to be given the response to the request. "Substantial evidence" is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (Citations and internal quotation marks omitted.) Dolgner v. Alender, 237 Conn. 272, 281
(1996).
The appeal is dismissed. The stay is vacated.
Robert F. McWeeny